# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 20-60468
Summary Calendar

Bernard Antony Geels, *also known as* Tony Geels,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A24 858 829

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:*

Bernard Antony Geels, a native and citizen of Australia, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the determination that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) for being convicted of a crime of domestic violence. On

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60468

appeal, he contends that his conviction for misdemeanor assault of a family member, in violation of Texas Penal Code § 22.01(a)(1), was not a crime of domestic violence.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

"Any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable." 8 U.S.C. § 1227(a)(2)(E)(i). A crime of domestic violence is defined as any crime of violence against an individual with a qualifying relationship. *Id.* A crime of violence is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The Supreme Court recently held that offenses criminalizing reckless conduct do not qualify as violent felonies. *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021). Because misdemeanor assault of a family member can be violated by "recklessly caus[ing] bodily injury to another," it is no longer a crime of violence. *See* Texas Penal Code § 22.01(a)(1). *See also United States v. Olvera-Martinez*, 858 F. App'x 145, 146 (5th Cir. 2021). Accordingly, the BIA erred in determining that Geels was removable for having committed a crime of domestic violence.

Based upon the foregoing, the petition for review is GRANTED and this matter is REMANDED for further proceedings.

2